**IMG-169** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1278
_____

CHAO XIONG HU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-690-648)
Immigration Judge: Honorable Charles Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 21, 2011
Before: SLOVITER, CHAGARES AND WEIS, Circuit Judges

(Opinion filed: July 25, 2011)
_____

OPINION
_____

PER CURIAM.

Petitioner Chao Xiong Hu, a native of Fujian Province, China, seeks review of a final order of removal. For the reasons that follow, we will deny the petition for review.

1

**I.**

Chao Xiong Hu ("Hu") entered the United States without admission in September 2004. In January 2005, Hu conceded his removability and filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). He claims he suffered past persecution and fears future persecution based on his opposition to China's coercive family planning policy and because of his illegal departure from China. At his immigration hearing, Hu testified that his wife, who is still in China with their son, was forced to have an IUD device inserted. The IUD somehow became displaced and his wife became pregnant. Fearing reprisal, Hu and his wife went into hiding. After his wife did not report for her routine IUD check-up, family planning officials came to their home, broke in, and stole their television and refrigerator. Hu claimed that officials then took his dying mother "hostage" until Hu and his wife turned themselves in. Family planning officials then forced Hu's wife to undergo an abortion. While they were taking his wife away, the officials pushed Hu and he sustained minor injuries.

The Immigration Judge ("IJ") found Hu's testimony credible. Nevertheless, the IJ determined that he failed to establish past persecution or a well-founded fear of future persecution. The IJ determined that Hu was not eligible for asylum based on his wife's forced abortion, or based on his own experiences, including his confrontation with family planning officials. In addition, the IJ found that Hu's fear

2

of future persecution was too speculative to qualify for asylum or withholding of removal. Finally, the IJ concluded that he failed to meet the burden of proof for CAT relief. The Board of Immigration Appeals ("BIA") dismissed his appeal. Hu filed a timely petition for review.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). Where, as here, the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's opinion, this Court will review both opinions.[1] See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). We review factual findings for substantial evidence, see Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007), upholding them "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).

## III.

Hu first argues that the IJ should have granted him relief because the IJ found him credible. Not so. A credible alien's testimony still must establish eligibility for asylum. To be eligible, Hu must demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Vente v. Gonzales, 415 F.3d 296,

---

[1] We reject the government's arguments that this we may review only the BIA's decision, and that Hu waived consideration of the BIA's decision by phrasing his claims in terms of the IJ's decision only.

300 (3d Cir. 2005).

Hu claimed past persecution based on his wife's forced abortion, a claim which is now foreclosed by this Court's opinion in Lin-Zheng v. Attorney General, 557 F.3d 147, 156-57 (3d Cir. 2009) (en banc). However, the spouse of someone who has been forced to undergo an abortion may establish eligibility for asylum by demonstrating that he was persecuted or has a well-founded fear of persecution for his "other resistance" to a coercive population control program. Lin-Zheng, 557 F.3d at 157. Hu claims that his physical assault during his wife's detention and abortion constitutes persecution for his resistance to China's policies. The IJ and BIA disagreed, finding that Hu's admittedly minor injuries did not constitute persecution. See Voci v. Gonzales, 409 F. 3d 607, 614-15 (3d Cir. 2005). Additionally, Hu suffered no further harassment or mistreatment, even after having an argument with family planning officials. Accordingly, the evidence in the record does not compel a contrary conclusion. See Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).

Substantial evidence also supports the IJ's and BIA's determination that Hu failed to show a well-founded fear of persecution. Hu states that his resistance to China's policies puts him at risk for persecution. The IJ correctly determined that this fear was too speculative to qualify Hu for asylum. Likewise, the IJ also found that the additional risks that Hu and his wife may face if they choose to violate China's policies are too speculative to form a basis for asylum relief. The BIA also noted that Hu's wife has complied with the family planning requirements since Hu left, has not been subjected to

4

more harm, and has not been made to pay any fines.  In addition, the IJ and BIA correctly determined that Hu failed to present any particularized evidence showing that he will face persecution because he left China illegally.  See, e.g., Wang v. Ashcroft, 368 F.3d 347, 350 (3d Cir. 2004).  Accordingly, Hu has not met his burden of proof for asylum relief.

As Hu has failed to meet the burden for asylum, he fails to meet the higher burden for withholding of removal under 8 U.S.C. § 1231(b)(3).  See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).  Likewise, the record does not support his claim for CAT protection.  See id. at 182-83.  Hu claims that the IJ did not consider a country report on conditions in China in considering his claim for relief under CAT, but does not point to anything in the report that demonstrates that it is more likely than not that he will be tortured if returned to China.  See id.  Accordingly, the IJ and BIA properly denied CAT relief.

## IV.

For the foregoing reasons, we will deny the petition for review.

5